UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WEI AN LU | CIVIL ACTION NO. 1:17-CV-00387 |
| VERSUS | CHIEF JUDGE DRELL |
| LORETTA E. LYNCH | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Wei An Lu ("Lu") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docs. 1, 5, 7). At the time of filing his petition, Lu was detained in the LaSalle Detention Facility in Trout, Louisiana (Doc. 1).

Lu contends he is a native of China and has been in the United States since 1997 without ever renewing his Chinese citizenship (Doc. 7). Lu was ordered removed on June 29, 2016 (Doc. 7). According to Lu, he is now stateless and, despite his cooperation with ICE officials, China has never issued travel documents for him. Lu alleges he has been detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") for almost a year (Doc. 7). Lu's sole requested relief is for release from custody pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

Respondent filed a Motion to Dismiss (Doc. 14) showing, through an affidavit by Bryan S. Pitman, the Supervisory Detention and Deportation Officer of ICE at Gadsden, Alabama, that Lu was released from ICE custody on July 21, 2017, pursuant to an order of supervision (Doc. 14-2). Since Lu has achieved the sole relief

requested in his habeas petition, release pending removal, Lu's habeas petition is now moot.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Lu's habeas petition be DISMISSED WITH PREJUDICE AS MOOT.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the Magistrate Judge is neither required nor encouraged. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 4th day of September, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

3